## PRINCETON BANK AND TRUST v. ROWE

Case No. 83-256 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

March 5, 1985

### APPEARANCES OF COUNSEL

**Chris Mancino** for appellant.

**Thomas J. McLaughlin** for appellee.

Before BARAD, SHAPIRO, TENDRICH,* JJ.

### OPINION OF THE COURT

BARAD, Judge.

This action had its beginning in the County Court of Dade County. Rowe, as Plaintiff filed his Complaint for Replevin against the Defen-

---

* did not participate in oral argument

dant, Princeton Bank and Trust, which action was predicated upon ownership of the car described herein and evidenced by his Certificate of Title. Inasmuch as the car was sold by the bank and therefore could not be replevined, the trial court entered judgment for the Plaintiff in the amount of $3,500.00 plus costs and attorney's fees.

Falcon International Corporation, a Florida corporation, acting for Princeton Bank and Trust, a foreign corporation, seized a 1978 Pontiac Firebird in Broward County, Florida. The car was transported to the state of New Jersey and there sold by Princeton Bank and Trust to satisfy a debt incurred by Beth Midgette, who purchased said Pontiac Firebird in New Jersey. Midgette executed an Installment Loan Note and Security Agreement in favor of Fellowship Bank of New Jersey, which was subsequently taken over by Appellant, Princeton Bank and Trust. Midgette failed to meet the terms and conditions of the loan agreement and removed the vehicle from the State of New Jersey to Florida. A title issued in the State of Florida was obtained by Midgette reflecting unencumbered ownership. Shortly thereafter ownership of the car was transferred by Midgette to Appellee, John Rowe, with whom she cohabited. At the final hearing Rowe testified that he paid Midgette the cash amount of $1,500.00 for the vehicle in question and as and for further consideration he cancelled a debt owed to him by Midgette in the amount of $2,000.00, thus making the total purchase price $3,500.00. The application for Certificate of Title signed and sworn to by the Appellee recites a purchase price of only one dollar and a sales tax paid in the amount of four cents.

Appellant contends that the Certificate of Title issued to Appellee was obtained by fraud and therefore void. In support of his contention he quotes Florida Statute 319.33(1) which provides in part as follows:

"It is unlawful:

(1)(e) To use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this law or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application."

(5) . . . "Any person who violates any provision of this section shall be guilty of a felony of the third degree . . ."

Florida Statutes 726.02, titled Fraudulent Conveyances Void, provides in part:

"Every . . . bargain, sale, conveyance, transfer . . . of goods and chattels . . . which shall at any time hereafter be had, made or

**107**

executed, contrived or devised or fraud, covin, collusion, or guile, to the end, purpose or intent to delay, hinder or defraud creditors or others of their just and lawful action, suits, debts, accounts . . . shall be . . . utterly void, frustrate and of none effect."

Appellant contends that Florida Statute 726.01 operates to void the title obtained by Appellee, because it defrauded the state of just revenues.

Florida Statute 319.23 which provides in part:

(7) The department shall in no event issue a certificate of title for any motor vehicle or mobile home to any applicant until the applicant has shown that:

(a) All sales or use taxes due on the transfer of the motor vehicle or mobile home are paid.

At the trial, the Appellee testified that the purchase price for the vehicle in question was $3,500.00, yet the four cents sales tax was based upon the purchase price of one dollar, only. The correct amount of the sales tax should have been $140.00.

We agree with Appellant's contention that a fraud was perpetrated by the Appellee in obtaining the Certificate of Title. Had the Department of Highway Safety and Motor Vehicles been aware of the facts testified to by the Appellee it would not have issued the Certificate of Title (see F.s. 319.12(7) and (a) quoted above).

To affirm the trial court below would be tantamount to placing a stamp of approval on a fraudulent conveyance.

REVERSED.